```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,                                     12 Civ. 8863 (JGK)

                    Plaintiff,                  MEMORANDUM OPINION
                                                AND ORDER
        - against -

STEVEN D. CALKINS,

                    Defendant.
────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff has filed a motion to enforce a settlement agreement, and for entry of a proposed order directing the defendant to execute various documents relating to the settlement agreement. The defendant's time to respond has passed, and the defendant has not filed a response. The Court therefore decides the motion based on the papers submitted to the Court to date. For the reasons that follow, the plaintiff's motion is granted.

I.

On December 6, 2012, the Guardian Life Insurance Company ("Guardian") filed this action against Steven Calkins for repayment of loans made by Guardian to Calkins in connection with Calkins's work as an agent soliciting, maintaining, and servicing Guardian insurance and investment products. (Compl. ¶¶ 1, 7-23, 29, 34, 37, 41-43.) This Court has subject matter

1

jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  (Compl. ¶ 4)

On April 12, 2013, the Court referred this case to Magistrate Judge James C. Francis for purposes of settlement. (Affidavit of Colleen M. Duffy in Supp. of Mot. for Enforcement of Settlement ("Duffy Aff.") ¶ 5.)  In an affidavit submitted in support of the current motion, counsel for the plaintiff swears that the parties reached a settlement agreement during a conference before Magistrate Judge Francis on September 6, 2013, the terms of which included, among other things, a schedule for the repayment of $123,704 to Guardian by Calkins; an agreement by Calkins to execute an Affidavit of Judgment by Confession, to be filed by Guardian in the event of Calkins's default in repayment; and a confidentiality agreement.  (Duffy Aff. ¶¶ 6-7.)  The affidavit also states that the parties agreed at the September 6 conference to execute a written settlement agreement containing standard settlement terms and provisions.  (Duffy Aff. ¶ 7.)

On September 17, 2013, counsel for the plaintiff transmitted a set of settlement documents to the defendant to "memorialize the settlement" reached by the parties before the Magistrate Judge.  (Duffy Aff. ¶ 10.)  In a separate letter on September 17, 2013, counsel for the plaintiff advised the Magistrate Judge that the plaintiff had agreed to the settlement

payment terms proposed by the defendant and had forwarded the documents memorializing the settlement to the defendant. (Duffy Aff. ¶ 11.)

Having been informed by the Magistrate Judge that the parties had reached a settlement agreement, this Court entered an Order of Discontinuance, dismissing this action with prejudice, but granting each party the right to apply to the Court within thirty days for restoration of the action to the Court's calendar. (Duffy Aff. ¶ 12 and Exs. C & D; Order of Discontinuance, Docket No. 17, Sept. 25, 2013.)

Counsel for the plaintiff swears that despite multiple requests that the defendant execute the settlement documents, the defendant has refused to do so. (Duffy Aff. ¶¶ 8-10, 13-14, 16.) On October 23, 2013, this Court granted the plaintiff's request to have this action restored to the calendar. (Duffy Aff. ¶ 15; Order Restoring Case to the Calendar, Docket No. 19, October 23, 2013.) The present motion was filed on October 25, 2013, and despite an extension of the deadline to respond from November 8, 2013 to December 2, 2013, the defendant has failed to file any opposition. (Order Extending Time to Respond, Docket No. 23, Nov. 19, 2013.)

II.

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was

3

pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) (collecting cases); see also Mattel, Inc. v. Wolfgang Wind, No. 07 Civ. 2422, 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008).  Moreover, parties are free to enter into settlement without memorializing their agreement in a fully executed document, and such agreements are as enforceable as any other oral contract. Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80-83 (2d Cir. 1986)).  In determining whether an oral or unsigned settlement agreement is binding, courts consider the following factors:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Winston, 777 F.2d at 80 (citations omitted).[1]  "No single factor is dispositive; rather, all four factors should be considered for their bearing on the parties' intent in the context of the entire case." Langreich v. Gruenbaum, 775 F. Supp. 2d 630, 636 (S.D.N.Y. 2011) (citations omitted).

In this case, the oral agreement reached by the parties is binding.  Counsel for the plaintiff has submitted a sworn

---

[1] Winston was decided under New York law.  See 777 F.2d at 80-81.  New York law is consistent with federal common law in this area, and there is no suggestion that any other law provides a different standard.  See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir. 1997).

4

affidavit stating that the parties reached a settlement during a conference in front of the Magistrate Judge, and the correspondence by the plaintiff's counsel supports that conclusion.  (See Duffy Aff. ¶ 6 and Exs. C & D.)  Counsel for the plaintiff has also sworn that the settlement reached before the Magistrate Judge included all of the material terms set forth in the written agreement that the plaintiff now seeks to have executed and enforced, plus an agreement to execute a written document containing standard terms and provisions.  (See Duffy Aff. ¶¶ 6-7.)  The defendant has not responded.  There is therefore no indication that issues were left unresolved, that essential terms were omitted from the oral agreement, or that either party reserved the right not to be bound in the absence of a writing.  Moreover, in this case, all of the terms were committed to written documents.  There is no indication that the defendant objected to any of the terms.  All that remained to be done was for the parties to sign the documents.  See Dimario v. Coppola, 10 F. Supp. 2d 213, 221 (E.D.N.Y. 1998).  Accordingly, the first and third Winston factors weigh in favor of enforcing the oral agreement.  See Conway v. Brooklyn Union Gas Co., No. 96 Civ. 6219 (E.D.N.Y. Aug. 20, 2002) (Report and Recommendation of the Magistrate Judge) ("The fact that there was agreement to each term of the settlement and that the parties recognized there were no additional terms remaining to be negotiated,

5

weighs heavily in favor of enforcement."), adopted by 236 F. Supp. 2d 241, 251 (E.D.N.Y. 2002).

Given that there was no partial performance by Guardian, the second factor does not tip the balance in either direction.[2] The analysis under the fourth factor—whether "the agreement at issue is the type of contract that is usually committed to writing"—yields a similarly neutral result.  On the one hand, $123,704 is a significant settlement amount, and the agreement calls for payment of this amount over several years, in varying installments.  Such circumstances argue in favor of an "agreement be[ing] written in order to make it readily enforceable, and to avoid still further litigation."  Winston, 777 F.2d at 83.  On the other hand, all of the terms of the settlement agreement were in fact reduced to writing, and

---

[2] While the suspension of litigation subsequent to reaching an oral settlement agreement is sometimes seen to constitute partial performance, see Conway, 236 F. Supp. 2d at 250, there is no evidence that any such partial performance in this case was accepted by Calkins.  Thus, the second factor does not weigh in favor of finding that the oral agreement constituted a settlement.  See Ciaramella, 131 F.3d at 325 ("A second factor for consideration is whether one party has partially performed, *and that performance has been accepted by the party disclaiming the existence of an agreement*." (emphasis added)); Milner v. City of New York, No. 10 Civ. 9384, 2012 WL 3138110, at *4 (S.D.N.Y. Aug. 2, 2012) (Report and Recommendation of the Magistrate Judge) ("[A]lthough the defendants might have unilaterally suspended litigation, there is no evidence that this was 'accepted' by the plaintiff. Accordingly, the Court does not believe this factor weighs in favor of finding that the oral settlement constituted a settlement."), adopted by No. 10 Civ. 9384, 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012).

indicia of complexity that typically militate in favor of producing a writing are lacking here.  See Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc., 145 F.3d 543, 551 (2d Cir. 1998) (finding complexity where the transaction at issue involved millions of dollars and the transfer of complicated intellectual property rights); Winston, 777 F.2d at 83 (finding complexity in part because the parties had substantially redrafted the agreement sought to be enforced); Lindner v. Am. Express Corp., No. 06 Civ. 3834, 2007 WL 1623119, at *9 (S.D.N.Y. June 5, 2007) (finding complexity in part because the agreement required the plaintiff to modify his conduct in various specific ways).  The fourth factor therefore does not tip the scales in either direction.

Given that the first and third factors argue strongly in favor of enforcement, and that the second and fourth factors are neutral, the Winston test favors enforcing the oral agreement reached by the parties.  Moreover, during their settlement conference in front of the Magistrate Judge, the parties agreed to enter into a written agreement at a future point in time.  (Duffy Aff. ¶ 7.)  The terms of the written settlement agreement that the plaintiff seeks to have executed are materially identical to the terms of the oral agreement reached by the parties, as described in the sworn affidavit submitted by counsel for the plaintiff, and the written agreement should

therefore be executed by the parties.  See <u>Wesley v. Corr. Officer Badge No. 9417</u>, No. 05 Civ. 5912, 2008 WL 41129, at *4 (S.D.N.Y. Jan. 2, 2008) (granting a motion to enforce a settlement agreement and directing the plaintiff to execute the settlement paperwork).  However, before they are executed, the documents should be modified to include a new date on which the defendant is to begin making payments to the plaintiff.  The date contemplated in the documents for the first payment was October 15, 2013.  (Duffy Aff., Ex. C at 3.)  That date was approximately thirty days after the documents were provided to the defendant.  (<u>See</u> Duffy Aff. ¶ 10.)  Because that date has now passed, the date for the initial payment by the defendant should be changed to a date thirty days after the plaintiff provides a new set of documents to the defendant.  If the defendant fails to execute the documents within thirty days of receipt, the documents will be deemed signed by the defendant and the plaintiff can proceed to take appropriate actions to have a Judgment entered and to execute on that Judgment.

CONCLUSION

For the reasons explained above, the plaintiff's motion to enforce the settlement agreement is **granted**.  The plaintiff should **provide a set of the settlement documents to the defendant, with any necessary changes occasioned by the passage**

8

**of time**.  The defendant is directed to **execute those documents within thirty days of receipt and return them to the plaintiff's counsel**.  If the defendant fails to return the documents, the documents will be deemed executed by the defendant.  The plaintiff should then **present an appropriate Judgment to the Court for entry so that the Judgment can be enforced**.  The Clerk is directed to **close Docket No. 21**.

**SO ORDERED.**

**Dated:    New York, New York
           January 4, 2014**                _____/s/_____
                                             **John G. Koeltl
                                             United States District Judge**