**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**THE GUARDIAN LIFE INSURANCE COMPANY**
**OF AMERICA,**                                    **12 Civ. 8863 (JGK)**

                              **Plaintiff,**        **MEMORANDUM OPINION**
                                                    **AND ORDER**

              **- against -**

**STEVEN D. CALKINS,**

                              **Defendant.**
————————————————————————

**JOHN G. KOELTL, District Judge:**

    The plaintiff has filed a motion to enforce a settlement
agreement, and for entry of a proposed order directing the
defendant to execute various documents relating to the
settlement agreement.  The defendant's time to respond has
passed, and the defendant has not filed a response.  The Court
therefore decides the motion based on the papers submitted to
the Court to date.  For the reasons that follow, the plaintiff's
motion is granted.

                              I.

    On December 6, 2012, the Guardian Life Insurance Company
("Guardian") filed this action against Steven Calkins for
repayment of loans made by Guardian to Calkins in connection
with Calkins's work as an agent soliciting, maintaining, and
servicing Guardian insurance and investment products.  (Compl.
¶¶ 1, 7-23, 29, 34, 37, 41-43.)  This Court has subject matter

jurisdiction based on diversity of citizenship pursuant to 28
U.S.C. § 1332.  (Compl. ¶ 4)

On April 12, 2013, the Court referred this case to
Magistrate Judge James C. Francis for purposes of settlement.
(Affidavit of Colleen M. Duffy in Supp. of Mot. for Enforcement
of Settlement ("Duffy Aff.") ¶ 5.)  In an affidavit submitted in
support of the current motion, counsel for the plaintiff swears
that the parties reached a settlement agreement during a
conference before Magistrate Judge Francis on September 6, 2013,
the terms of which included, among other things, a schedule for
the repayment of $123,704 to Guardian by Calkins; an agreement
by Calkins to execute an Affidavit of Judgment by Confession, to
be filed by Guardian in the event of Calkins's default in
repayment; and a confidentiality agreement.  (Duffy Aff. ¶¶ 6-
7.)  The affidavit also states that the parties agreed at the
September 6 conference to execute a written settlement agreement
containing standard settlement terms and provisions.  (Duffy
Aff. ¶ 7.)

On September 17, 2013, counsel for the plaintiff
transmitted a set of settlement documents to the defendant to
"memorialize the settlement" reached by the parties before the
Magistrate Judge.  (Duffy Aff. ¶ 10.)  In a separate letter on
September 17, 2013, counsel for the plaintiff advised the
Magistrate Judge that the plaintiff had agreed to the settlement

2

payment terms proposed by the defendant and had forwarded the
documents memorializing the settlement to the defendant. (Duffy
Aff. ¶ 11.)

Having been informed by the Magistrate Judge that the
parties had reached a settlement agreement, this Court entered
an Order of Discontinuance, dismissing this action with
prejudice, but granting each party the right to apply to the
Court within thirty days for restoration of the action to the
Court's calendar. (Duffy Aff. ¶ 12 and Exs. C & D; Order of
Discontinuance, Docket No. 17, Sept. 25, 2013.)

Counsel for the plaintiff swears that despite multiple
requests that the defendant execute the settlement documents,
the defendant has refused to do so. (Duffy Aff. ¶¶ 8-10, 13-14,
16.) On October 23, 2013, this Court granted the plaintiff's
request to have this action restored to the calendar. (Duffy
Aff. ¶ 15; Order Restoring Case to the Calendar, Docket No. 19,
October 23, 2013.) The present motion was filed on October 25,
2013, and despite an extension of the deadline to respond from
November 8, 2013 to December 2, 2013, the defendant has failed
to file any opposition. (Order Extending Time to Respond,
Docket No. 23, Nov. 19, 2013.)

II.

"A district court has the power to enforce summarily, on
motion, a settlement agreement reached in a case that was

3

pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) (collecting cases); see also Mattel, Inc. v. Wolfgang Wind, No. 07 Civ. 2422, 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008). Moreover, parties are free to enter into settlement without memorializing their agreement in a fully executed document, and such agreements are as enforceable as any other oral contract. Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80–83 (2d Cir. 1986)). In determining whether an oral or unsigned settlement agreement is binding, courts consider the following factors:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Winston, 777 F.2d at 80 (citations omitted).[1] "No single factor is dispositive; rather, all four factors should be considered for their bearing on the parties' intent in the context of the entire case." Langreich v. Gruenbaum, 775 F. Supp. 2d 630, 636 (S.D.N.Y. 2011) (citations omitted).

In this case, the oral agreement reached by the parties is binding. Counsel for the plaintiff has submitted a sworn

---

[1] Winston was decided under New York law. See 777 F.2d at 80-81. New York law is consistent with federal common law in this area, and there is no suggestion that any other law provides a different standard. See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir. 1997).

affidavit stating that the parties reached a settlement during a conference in front of the Magistrate Judge, and the correspondence by the plaintiff's counsel supports that conclusion. (See Duffy Aff. ¶ 6 and Exs. C & D.)  Counsel for the plaintiff has also sworn that the settlement reached before the Magistrate Judge included all of the material terms set forth in the written agreement that the plaintiff now seeks to have executed and enforced, plus an agreement to execute a written document containing standard terms and provisions. (See Duffy Aff. ¶¶ 6-7.)  The defendant has not responded.  There is therefore no indication that issues were left unresolved, that essential terms were omitted from the oral agreement, or that either party reserved the right not to be bound in the absence of a writing.  Moreover, in this case, all of the terms were committed to written documents.  There is no indication that the defendant objected to any of the terms.  All that remained to be done was for the parties to sign the documents.  See Dimario v. Coppola, 10 F. Supp. 2d 213, 221 (E.D.N.Y. 1998).  Accordingly, the first and third Winston factors weigh in favor of enforcing the oral agreement.  See Conway v. Brooklyn Union Gas Co., No. 96 Civ. 6219 (E.D.N.Y. Aug. 20, 2002) (Report and Recommendation of the Magistrate Judge) ("The fact that there was agreement to each term of the settlement and that the parties recognized there were no additional terms remaining to be negotiated,

weighs heavily in favor of enforcement."), adopted by 236 F.
Supp. 2d 241, 251 (E.D.N.Y. 2002).

Given that there was no partial performance by Guardian,
the second factor does not tip the balance in either direction.[2]
The analysis under the fourth factor—whether "the agreement at
issue is the type of contract that is usually committed to
writing"—yields a similarly neutral result.  On the one hand,
$123,704 is a significant settlement amount, and the agreement
calls for payment of this amount over several years, in varying
installments.  Such circumstances argue in favor of an
"agreement be[ing] written in order to make it readily
enforceable, and to avoid still further litigation."  Winston,
777 F.2d at 83.  On the other hand, all of the terms of the
settlement agreement were in fact reduced to writing, and

---

[2] While the suspension of litigation subsequent to reaching an
oral settlement agreement is sometimes seen to constitute
partial performance, see Conway, 236 F. Supp. 2d at 250, there
is no evidence that any such partial performance in this case
was accepted by Calkins.  Thus, the second factor does not weigh
in favor of finding that the oral agreement constituted a
settlement.  See Ciaramella, 131 F.3d at 325 ("A second factor
for consideration is whether one party has partially performed,
and that performance has been accepted by the party disclaiming
the existence of an agreement." (emphasis added)); Milner v.
City of New York, No. 10 Civ. 9384, 2012 WL 3138110, at *4
(S.D.N.Y. Aug. 2, 2012) (Report and Recommendation of the
Magistrate Judge) ("[A]lthough the defendants might have
unilaterally suspended litigation, there is no evidence that
this was 'accepted' by the plaintiff.  Accordingly, the Court
does not believe this factor weighs in favor of finding that the
oral settlement constituted a settlement."), adopted by No. 10
Civ. 9384, 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012).

indicia of complexity that typically militate in favor of
producing a writing are lacking here.  See Adjustrite Sys., Inc.
v. GAB Bus. Servs., Inc., 145 F.3d 543, 551 (2d Cir. 1998)
(finding complexity where the transaction at issue involved
millions of dollars and the transfer of complicated intellectual
property rights); Winston, 777 F.2d at 83 (finding complexity in
part because the parties had substantially redrafted the
agreement sought to be enforced); Lindner v. Am. Express Corp.,
No. 06 Civ. 3834, 2007 WL 1623119, at *9 (S.D.N.Y. June 5, 2007)
(finding complexity in part because the agreement required the
plaintiff to modify his conduct in various specific ways).  The
fourth factor therefore does not tip the scales in either
direction.

  Given that the first and third factors argue strongly in
favor of enforcement, and that the second and fourth factors are
neutral, the Winston test favors enforcing the oral agreement
reached by the parties.  Moreover, during their settlement
conference in front of the Magistrate Judge, the parties agreed
to enter into a written agreement at a future point in time.
(Duffy Aff. ¶ 7.)  The terms of the written settlement agreement
that the plaintiff seeks to have executed are materially
identical to the terms of the oral agreement reached by the
parties, as described in the sworn affidavit submitted by
counsel for the plaintiff, and the written agreement should

7

therefore be executed by the parties.  See Wesley v. Corr.
Officer Badge No. 9417, No. 05 Civ. 5912, 2008 WL 41129, at *4
(S.D.N.Y. Jan. 2, 2008) (granting a motion to enforce a
settlement agreement and directing the plaintiff to execute the
settlement paperwork).  However, before they are executed, the
documents should be modified to include a new date on which the
defendant is to begin making payments to the plaintiff.  The
date contemplated in the documents for the first payment was
October 15, 2013.  (Duffy Aff., Ex. C at 3.)  That date was
approximately thirty days after the documents were provided to
the defendant.  (See Duffy Aff. ¶ 10.)  Because that date has
now passed, the date for the initial payment by the defendant
should be changed to a date thirty days after the plaintiff
provides a new set of documents to the defendant.  If the
defendant fails to execute the documents within thirty days of
receipt, the documents will be deemed signed by the defendant
and the plaintiff can proceed to take appropriate actions to
have a Judgment entered and to execute on that Judgment.


CONCLUSION

     For the reasons explained above, the plaintiff's motion to
enforce the settlement agreement is **granted**.  The plaintiff
should **provide a set of the settlement documents to the
defendant, with any necessary changes occasioned by the passage**

**of time**.  The defendant is directed to **execute those documents within thirty days of receipt and return them to the plaintiff's counsel**.  If the defendant fails to return the documents, the documents will be deemed executed by the defendant.  The plaintiff should then **present an appropriate Judgment to the Court for entry so that the Judgment can be enforced**.  The Clerk is directed to **close Docket No. 21**.

**SO ORDERED.**

**Dated:    New York, New York
           January 4, 2014**                   _____/s/_____
                                               **John G. Koeltl
                                         United States District Judge**